IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Michael Holtsinger

    Plaintiff,                             No. CIV S-03-0732 MCE  CMK

    vs.

J.M. Briddle, et al.,

    Defendants.                         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, brought this civil right action alleging that defendants were deliberately indifferent to plaintiff's medical needs in violation of the Eighth Amendment. On February 11, 2005, plaintiff filed a request for authorization to serve defendant Knight by publication. In support of his motion, plaintiff states that he has attempted to locate defendant Knight's address for service through discovery and public records requests and has sought judicial intervention.

I..    <u>Background</u>

        The record reveals that on August 9, 2004, this court ordered plaintiff to utilize discovery and the California Public Record's Act to locate defendant Knight. The court also informed plaintiff that if access to the requested information was denied or unreasonably delayed, he could seek judicial intervention. On September 28, 2004, plaintiff filed a request for judicial

1  intervention, alleging that neither requests to High Desert State Prison and to the California
2  Department of Corrections under the California Public Records Act nor discovery requests to the
3  other defendants have elicited a response allowing plaintiff to provide the court with a service
4  address for defendant Knight.  Accordingly, On October 5, 2005, the court directed defendants'
5  attorney to query the Department of Corrections (CDC) to ascertain the whereabouts of defendant
6  Knight.

7         On October 19, 2004, the defendants' attorney informed the court of defendant
8  Knight's business address.  However, in a letter dated January 12, 2005, defendants' attorney
9  informed the court that defendant Knight had separated from CDC employment on December 12,
10 2003, is no longer a current CDC employee and there is no current business address.

11 II.    Discussion

12         The seminal issue in all litigation is jurisdiction and foremost to establishing
13 jurisdiction is service of process.  See e.g., Beecher v. Wallace, 381 F.2d 372 (9th Cir.
14 1967)(stating that defendants must be served in accordance with the Rules of Civil Procedure or
15 there is no personal jurisdiction).

16         The Federal Rules of Civil Procedure provide that a person from whom a waiver of
17 service has not been obtained may be served "pursuant to the law of the state in which the district
18 court is located..." Fed. R. Civ. P 4(e)(1).  The California Code of Civil Procedure provides that
19 "a summons may be served by publication if upon affidavit it appears to the satisfaction of the
20 court in which the action is pending that the party to be served cannot with reasonable diligence
21 be served in another manner and that...a cause of action exists against the party..." Cal. Code Civ.
22 P. § 415.50.  The court is not yet satisfied that defendant Knight's address for service cannot be
23 ascertained by means other than publication.

24         It appears from the docket that the United States Marshal Service has sent waivers,
25 but has not yet attempted to personally serve defendant Knight. Paragraph six of the court's order
26 directing the United States Marshal Service to serve defendants (doc. 84) states that if a waiver of

summons is not returned by a defendant, the United States Marshall shall personally serve defendant and shall command all necessary assistance from the California Department of Corrections to execute this order.  The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.  Therefore, because the United States Marshal has not yet attempted to personally serve defendant Knight, the court is not satisfied that defendant Knight cannot be served in any manner besides publication.  Cal. Code Civil P. § 415.50.

        IT IS ORDERED THAT:

        1. Plaintiff's request to serve defendant Knight by publication (doc. 79) is DENIED and;

        2. In accordance with the court's February 28, 2005 order directing the United States Marshal to serve defendants, the U.S. Marshal is directed to personally serve process and a copy of the February 28, 2005 order upon defendant Knight pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).  In executing this order, the United States Marshal shall command all necessary assistance from the CDC to personally serve process on defendant Knight, including ascertaining any forwarding business and home address known to the CDC.  The Unites States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

DATED:  August 29, 2005.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE