IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,

    Plaintiff,                No. CIV S-03-0732 MCE CMK P

    vs.

J.M BRIDDLE et al.,

    Defendants.

_____/    ORDER

    On February 20, 2007, plaintiff filed a motion for a Clerk's entry of default judgment against defendant Knight and a motion for judgment against defendant Knight after the Clerk's entry of default. (Docs. 174 & 175.)  The Clerk of the Court entered default judgement against defendant Knight on March 20, 2007.

    In his motion for judgment against defendant Knight, plaintiff requests that the court set a telephonic hearing to determine damages against defendant Knight.  He requests that this court supeona the record from the California Inspector General's Office, Department of Internal Affairs Reports and CDCE "Skully hearing notes on the dismissal/appeal of defendant Knight." (Doc. 175.)  Defendant has not, however, filed a declaration addressing his damages.

///

///

        Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. See Fed. R. Civ. P 55(b)(2); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977); Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990) (citations omitted) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

        Therefore, the court must proceed with its assessment of damages by assuming the veracity of plaintiff's factual recitation in his amended complaint. According to the complaint, plaintiff was assaulted by at least four other inmates and sustained injuries, including abrasions to both his knees, injuries to his knee joints, injury to his right rib cage, sternum, lower back, right shoulder, right elbow and wrist, a loss of hearing, and several cuts on his face and head. Plaintiff also came into contact with the blood of another inmate (who had hepatitis C) and suffered dizziness, headache, nausea and pain immediately following the assault. Defendant Knight was the medical technical assistant who responded to the assault; she was aware of plaintiff's injuries; but she denied plaintiff medical assistance in violation of his rights under the constitution. See, e.g., Estelle v. Gamble, 429 U.S. 97 (citing Thomas v. Pate, 493 F.2d 151, 158 (7th Cir.1974) ("it is sufficient to allege facts which suggest that the medical care provided is ... so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition")).

        Damages under § 1983 may be both punitive and compensatory. When a plaintiff's damages are unliquidated (i.e. capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require "proving up" through an evidentiary hearing or some other means. See Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323-24 (7th Cir.1983). "[P]unitive damages in an action under § 1983 [may be assessed] when the defendant's conduct is shown to be motivated by

1 evil motive or intent, or when it involves reckless or callous indifference to the federally
2 protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). However, "they are never
3 awarded as of right, no matter how egregious the defendant's conduct." Id. at 52. Rather, "[t]he
4 focus is on the character of the tortfeasor's conduct-whether it is of the sort that calls for
5 deterrence and punishment over and above that provided by compensatory awards." Id. at 54.
6 "Compensatory damages, by contrast, are mandatory; once liability is found, the [factfinder] is
7 required to award compensatory damages in an amount appropriate to compensate the plaintiff for
8 his loss." Id. at 52.

9     If, as is the case here, "the damages are not for a 'sum certain or for a sum which
10 can by computation be made certain,' Fed.R.Civ.P. 55(b)(1), the 'court may conduct such
11 hearings or order such references as it deems necessary and proper.' Fed.R.Civ.P. 55(b)(2). "
12 Moreover, "[a]s a general proposition, punitive damages cannot be awarded simply on the basis
13 of the pleadings, but must instead be established at an evidentiary hearing held pursuant to
14 Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable." Id. at 1152.
15 Therefore, the court will conduct a hearing on the matter of punitive and compensatory damages
16 in accordance with the requirements of Rule 55.

17     Finally, because of the potential complexity of this hearing, and plaintiff's
18 incarceration, the court deems it necessary to appoint plaintiff counsel to represent him in this
19 evidentiary hearing.

20     IT IS ORDERED that:

21     1. The court has determined that due to the potential complexity of the damages
22 hearing, it is appropriate to appoint counsel for plaintiff.

23     2. The Court will refer this case to the Civil Rights Clinic in this district to
24 determine if they are able to represent plaintiff for the purposes of his damages hearing.

25     3. The Clerk of the Court is directed to send a copy of plaintiff's amended
26 complaint (doc. 140) and a copy of this order to the University of California, King Hall Civil

Rights Clinic.

4. The Civil Rights Clinic shall inform the court of whether they will accept this case within twenty days from the date this order is signed.

3. Should the King Hall Civil Rights Clinic accept this case, the court will make arrangements for forwarding a copy of the file.

4. Plaintiff's motion for default judgment is denied, without prejudice, for refiling by appointed counsel.

5. The court will make further arrangements regarding a hearing to determine the appropriate award of punitive and compensatory damages after plaintiff is assigned counsel.

DATED: April 3, 2007.

    **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4