1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL HOLTSINGER,

11            Plaintiff,                    No. CIV S-03-0732 MCE CMK P

12        vs.

13   J.M. BRIDDLE, et al.,

14            Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner, without counsel, prosecuting this civil rights action

17   against defendant Nolan and defendant Knight.[1]  The case is before the undersigned pursuant to

18   Local Rule 302(c) for findings and recommendations on defendant Nolan's  motion for summary

19   judgment.  Fed. R. Civ. P 56(c).

20   I.      Standard of Review

21            On a motion for summary judgment pursuant to Rule 56(c), the court must

22   accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in

23   favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[1]Other defendants were dismissed with prejudice pursuant to Fed. R. Civ. P 41(a)(2).
Defendant Runnels remained a defendant in this case until dismissed pursuant to the terms and
conditions of a private settlement agreement.  Defendants T. Knight and John Doe #5 (who was
identified as defendant Nolan) also remain as defendants.  (Doc. 134).

1   The moving party bears the burden of demonstrating that there exists no genuine issue as to any

2   material fact and that the moving party is entitled to judgment as a matter of law. See Celotex

3   Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)). If the moving party

4   meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue

5   as to any material fact does actually exist. See Matsushita Elec. Indus. Co. V. Zenith Radio

6   Corp., 475 U.S. 574, 586 (1986). The party opposing summary judgment may not rest on

7   conclusory allegations, but must set forth specific facts showing that there is a genuine issue of

8   material fact. See Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se

9   litigant); see also Anderson, 477 U.S. at 586 n. 11. When the record taken as a whole could not

10  lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material

11  fact for trial. See Matsushita, 475 U.S. at 587.

12          On May 10, 2006, the court advised plaintiff of the requirements for opposing a

13  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154

14  F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

15  II.    Procedural and Factual Background

16          Plaintiff originally filed his complaint on April 9, 2003. He experienced

17  substantial difficulty serving defendant Tanya Knight, and had problems identifying John Doe #5.

18  Plaintiff amended his complaint several times. On January 27, 2006, the parties filed a stipulation

19  of voluntary dismissal with prejudice. (Doc. 133.) Pursuant to the stipulation, all defendants

20  except defendant Runnels, defendant Knight, and defendant John Doe #5, who was subsequently

21  identified as defendant Nolan, were dismissed with prejudice. This action is proceeding against

22  those three defendants on plaintiff's second amended complaint, filed March 1, 2006. There has

23  been a Clerk's entry of default as to defendant Knight. (Doc. 181.) Defendant Nolan has filed

24  the instant motion for summary judgment. (Doc. 180.)

25  ///

26  ///

2

1        In his second amended complaint, plaintiff alleges that defendant Nolan denied
2   him medical care and was deliberately indifferent to his serious medical needs in violation of the
3   Eighth Amendment.  Specifically, plaintiff states that, on June 22, 2002, he and his cellmate, Paul
4   Magnan, were assaulted in the prison exercise yard.  Plaintiff states that he received numerous
5   serious wounds during the assault, including: abrasions on both his knees; injured knee joints,
6   ribs, sternum, right shoulder, wrist, and elbow, and back muscles; loss of hearing and; multiple
7   lacerations and contusions.

8        Plaintiff made several requests for medical assistance; however, he was never
9   transported to the prison's medical treatment center.  Plaintiff did not receive treatment for fifty-
10  nine days after the assault.  Plaintiff experienced severe pain and discomfort as a result of his
11  injuries.

12       Defendant Nolan's involvement in the alleged denial of plaintiff's medical care
13  was defendant Nolan's failure to ensure that plaintiff received emergency medical care after
14  defendant Nolan was asked to take care of obtaining medical treatment for inmate Magnan during
15  Magnan's Institutional Classification Committee (ICC) hearing on June 27, 2002.  (Am. Compl.
16  at 14-16: ¶'s 21-22.)

17       On April 16, 2007, plaintiff filed a request asking the court to require defendant
18  Nolan to provide plaintiff with a "copy of all papers referred to in affidavits filed in support of
19  defendant Nolan's motion for summary judgment and to order that the documents be proven
20  true."  By order filed on April 23, 2007, the court ordered defendants to file a copy of Attachment
21  1 and Attachment 2, which are referenced in defendant Nolan's declaration, and to serve a copy
22  of such documents on plaintiff.  The court granted plaintiff until May 9, 2007 to file a
23  supplemental opposition to the motion for summary judgment.  On May 9, 2007, plaintiff filed a
24  supplemental response based on Attachment 1 and Attachment 2, which the court has considered.
25  ///
26  ///

III.    Discussion

        Defendant Nolan argues that the court should grant summary judgment on plaintiff's Eighth Amendment claims against him because plaintiff cannot demonstrate that defendant Nolan was deliberately indifferent to plaintiff's medical needs.

        Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's medical needs. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds). Deliberate indifference to a prisoner's medical needs can be demonstrated in two ways: by prison officials denying, delaying or intentionally interfering with medical treatment or by the manner in which prison physicians provide medical care. Estelle v. Gamble, 429 U.S. 97 (1976); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Deliberate indifference exists only when prison officials know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also, McGuckin, at1060). "Mere negligence... in treating a medical condition, without more, does not violate a prisoner's Eighth Amendment right." See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference exists only where prison officials know of and disregard an excessive risk to inmate health or safety. See id. at 1058. Deliberate indifference may be shown with circumstantial evidence when the facts are sufficient to show that defendant actually knew of a risk of harm. See Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).

        Here, defendant Nolan has produced evidence, in the form of a sworn declaration, that he is a senior psychologist at High Desert State Prison. (Mot. Summ. J. (doc. 180), Ex. A.) In June 2002, defendant Nolan was the psychologist assigned to the HDSP Facility B Ad-Seg ICC, which conducted an initial review of both plaintiff and inmate Magnan's Ad-Seg Unit housing placement. (Id.) At the time of the ICC housing classification meetings, defendant Nolan was aware that plaintiff and inmate Magnan had been the victims of an assault in the exercise yard, but he was not aware that either plaintiff or Magnan had any serious medical conditions, a serious need for medical treatment or was suffering from chronic or substantial pain.

4

1   (Id.)  Defendant Nolan is not a medical doctor and cannot independently determine the medical

2   needs of prisoners.  (Id.)  Dr. Nolan cannot grant or deny an inmate's request for a particular

3   medical treatment.  (Id.)

4              In his opposition to defendant's motion for summary judgment, plaintiff asserts

5   that the "CDC-Form 837 incident package" upon which defendant Nolan relied to refresh his

6   memory for his declaration is false.  Plaintiff renews this assertion in his May 9, 2007

7   supplemental response.   Plaintiff offers no evidence in support of this assertion; questioning the

8   credibility of the moving party's evidence is not enough to avoid summary judgment.  See

9   Anderson, 477 U.S. at 256-57 ("once the moving party demonstrates the absence of a genuine

10  issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to

11  support a jury verdict).  Plaintiff's assertion that the incident report was doctored is nothing more

12  than a denial which is insufficient to overcome defendant Nolan's showing.

13             Plaintiff further states that it would have been obvious to any layman "who would

14  have seen Plaintiff...that the possibility of a serious injury existed."  (Opp'n (doc. 182) at 3.) He

15  alleges that inmate Magnan told him that, when defendant Nolan was asked to procure medical

16  help for plaintiff and inmate Magnan at the ICC hearing,  defendant Nolan nodded his head and

17  verbally replied that he would seek help for both plaintiff and inmate Magnan.  (Opp'n (doc. 182)

18  at 6.)

19             The court finds that there exists no genuine issue of material fact regarding

20  whether defendant Nolan was deliberately indifferent to plaintiff's medical needs in violation of

21  the Eighth Amendment.  The undisputed facts show that defendant Nolan was a psychologist at

22  HDSP, and he had no authority to diagnose medical problems or prescribe treatment for such.

23  Although plaintiff asserts that, during the ICC meeting, defendant Nolan responded affirmatively

24  to a request to call about treatment for plaintiff and inmate Magnan, this does not demonstrate any

25  genuine issue of material fact as to whether defendant Nolan was deliberately indifferent to

26  plaintiff's medical needs.  Even taking this assertion as true, it is undisputed that defendant Nolan

1  did not have the authority to take steps to alleviate the harm to plaintiff. In other words, defendant

2  Nolan did not have the authority to order any kind of medical treatment for plaintiff.  <u>See</u>

3  <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000) (defendant can only be held liable for

4  failure to intercede to prevent constitutional violation if he had a realistic opportunity to do so);

5  <u>Leer v. Murphy</u>, 844 F.2d 628, 633-34 (9th Cir. 1988) (to resolve causation issue, an

6  individualized approach is taken, which accounts for the duties, discretion and means of each

7  defendant).

8            The court finds that plaintiff has not shown that defendant Nolan was deliberately

9  indifferent to his medical needs in violation of the Eighth Amendment.  Plaintiff has not shown

10 that defendant Nolan knew of and disregarded an excessive risk to his health or safety.

11 <u>See</u> <u>Toguch</u>, 391 F.3d at 1058.   Accordingly, the court will recommend that defendant Nolan's

12 motion for summary judgment be granted.

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

1  IV.    Conclusion

2          Based on the foregoing, IT IS RECOMMENDED that:

3          1.  Defendant Nolan's motion for summary judgment (doc. 180) be granted.

4          2.  Defendant Nolan be dismissed from this action with prejudice.

5          3.  This action remain open proceeding against defendants Knight and Runnels

6  only.

7          These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

9  twenty days after being served with these findings and recommendations, any party may file

10 written objections with the court and serve a copy on all parties.  Such a document should be

11 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

12 objections shall be served and filed within ten days after service of the objections.  The parties are

13 advised that failure to file objections within the specified time may waive the right to appeal the

14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15
   DATED:  May 24, 2007.
16

17
                                    CRAIG M. KELLISON
18                                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26