IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL HOLTSINGER, | | No. CIV S-03-0732-MCE-CMK-P |
| Plaintiff, | | |
| vs. | | ORDER |
| J.M. BRIDDLE, et al., | | |
| Defendants. | | |
| _____/ | | |

      Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Voros' (formally defendant Knight) motion to set aside clerk's entry of default (Doc. 223) filed January 22, 2008. Plaintiff filed his response in opposition on February 15, 2008 (Doc. 230). This matter is currently on calendar for hearing before Magistrate Judge Kellison on March 5, 2008, at 10:00 a.m.

      Also pending before the court is plaintiff's request for a continuance of the hearing (Doc. 231). Defendant has filed an opposition to plaintiff's request for a continuance of the hearing (Doc. 233). The court finds that this matter is appropriate for submission on the papers currently on file without oral argument. See Local Rule 78-230(h). The court has the power to reopen the matter for further briefs, oral arguments, or both if the court deems it

necessary. See id. Therefore, the hearing set for March 5, 2008, at 10:00 a.m. will be vacated. Plaintiff's request for a continuance will therefore be denied as moot.

Finally, plaintiff has filed a notice of related case (Doc. 232). Plaintiff suggests this case should be related with case number 2:03-cv-1099-GEB-KJM-P pursuant to Local Rule 83-123. Local Rule 83-123(a) allows the court to relate cases if:

> (1) both actions involve the same parties and are based on the same or a similar claim;
> (2) both actions involve the same property, transaction or event;
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

These cases involve some of the same parties, essentially defendant Voros. However, that is where the similarities end. The cases are brought by different plaintiffs and although both cases arose from the same event, namely a riot at a prison, the cases are at different stages in the proceedings. In this case, the only remaining defendant is defendant Voros. All other defendants have been terminated. In case 03-cv-1099, defendant Voros is just one of several defendants named and continuing in that action.

The factual question in the cases, at least relating to defendant Voros, is whether she acted with deliberate indifference to a serious medical condition so as to violate the plaintiffs' Eighth Amendment rights against cruel and unusual punishment. This question of fact will be significantly different in each of these cases as it will center on defendant's actions in regards to each of the plaintiff's injuries, which necessarily will be different. Although the parties agree that there may be a savings of judicial effort in regards to whether defendant Voros' default should be set aside, the court cannot agree that these cases involve such similarities as to require a related case order. This request will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendant Voros' motion to set aside default, currently scheduled for March 5, 2008, is vacated and the matter is submitted on the record and briefs;

2. Plaintiff's request for a continuance of the hearing is denied as moot; and

3. Plaintiff's request for a related case order is denied.

DATED: February 22, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE