IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,                         No. CIV S-03-0732-MCE-CMK-P

        Plaintiff,

  vs.                                                        FINDINGS AND RECOMMENDATIONS

KNIGHT,

        Defendant.

_____/

        Plaintiff, a state prisoner proceeding with appointed counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Pending before the court is defendant's motion to set aside entry of default (Docs. 223 and 224).[2] Plaintiff has filed an opposition (Doc. 230) and defendant has filed a reply (Doc. 235). Also pending before the court is plaintiff's request for judicial notice (Doc. 236) and defendant's opposition thereto (Doc. 237).

---

    [1] The Kings Hall Civil Rights Clinic was appointed to represent plaintiff in connection with entry of default judgment. (See Docs. 185 and 194).

    [2] The court may take judicial notice of its own records, see Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002), and notes that the court recently issued findings and recommendations in Magnan v. Runnels, case no. CIV-S-03-1099-GEB-KJM-P, on a motion to set aside entry of default by the same defendant. Defendant raised the same arguments, based on the same facts, in that case as she raises here.

# I. BACKGROUND

This action now proceeds against defendant Knight[3] only. On March 20, 2007, the Clerk of the Court entered defendant's default (Doc. 181) and plaintiff seeks a default judgment.[4] Pursuant to Federal Rule of Civil Procedure 55(c), defendant seeks an order setting aside entry of default, arguing:

> . . . Defendant's delay in filing an answer to the Plaintiff's Second Amended Complaint was due to a good faith mistake and lack of familiarity with the legal system and was not willful, deliberate, or in bad faith; Defendant has good and meritorious defenses to the claims for relief alleged; and the Plaintiff will not suffer prejudice should the default entry be set aside.

In her declaration filed in support of the motion to set aside entry of default, defendant states:

1. She was personally served with the second amended complaint on October 16, 2006, and was not at that time represented by counsel;

2. Within one week of being served with the second amended complaint, she received a letter from the state nursing board requiring her to send information concerning the incident which is the subject of this lawsuit and was the subject of a state investigation;

3. It was defendant's understanding that "responding to the formal letter from the nursing board was the same as responding to Plaintiff's [second amended complaint]" because she "believed that the nursing board's investigation and the Plaintiff's case was the same thing";

4. Approximately six months after receiving the nursing board's letter, she was cleared of any wrongdoing;[5]

---

[3] Defendant recently changed her last name to Voros.

[4] In the court's April 4, 2007, order (Doc. 185), the court denied plaintiff's pro se motion for default judgment (Doc. 175) without prejudice to being re-filed by appointed counsel. Counsel was appointed by order issued on May 8, 2007 (Doc. 195), but a review of the docket does not reflect that counsel ever re-filed the motion.

[5] Plaintiff attaches to his opposition documents incident to a case with the California State Personnel Board arising from the incident. Those documents indicate that, as part of a settlement of defendant's appeal of a notice of adverse action, the parties agreed that "[o]n or about June 22, 2002, [defendant] failed to follow department policy in relation to the treatment and medical care of inmates Magnum [sic.] and Holtzinger [sic.]." The documents also reflect that defendant agreed to a nine-month suspension.

5. Based on the nursing board's determination, defendant believed that all matters regarding the incident had been resolved; and

6. Within a few days of being served with notice of entry of default by the Clerk of the Court, defendant contacted the California Department of Corrections and Rehabilitation to request legal representation.

As to the underlying incident, defendant states in her declaration:

> I worked for the California Department of Corrections from 1998 to the end of 2002 as a medical technical assistant (MTA). I was and continue to be a licensed vocational nurse. My responsibility as an MTA in responding to an alarm call was to screen inmates for injuries; it was not my responsibility to conduct a detailed medical examination of inmates. If the inmate appeared to have serious injuries, I would arrange for the inmate to be transported to the medical unit. If it appeared to me that the inmate did not have serious injuries then I would send the inmate back to his cell. On June 22, 2002, I was an MTA at High Desert State Prison. I responded to an alarm indicating that a riot or fight had occurred. I approached Michael Holtsinger who was in a holding cell to check him for injuries. I saw that Holtsinger had some minor bruises and cuts; I did not see any injuries that I believed posed a serious risk of harm to Holtsinger's health. I did not become aware of the extent or degree of Holtsinger's injuries while I was employed at high Desert State Prison. I did not arrange for Holtsinger to be transported to the medical unit because I did not believe that he had serious injuries. I did not believe that this decision posed a risk to Holtsinger's health.

In his request for judicial notice, plaintiff asks the court to take judicial notice of the declaration of Catherine Campbell, the plaintiff's attorney in the <u>Magnan</u> case. Specifically, plaintiff argues:

> The Declaration of Plaintiff's Counsel is relevant to the issue in this case because the defendant, Tonya Voros, is also the defendant in the civil action of *Magnan v. Runnels*, arising from the same events. The defendant's conduct, in addition to representation and indemnification status, in *Magnan* bear directly upon the related matters in this case. Conversations with the California Department of Corrections Legal Affairs Division revealed to plaintiff's counsel, in *Magnan*, that the defendant was not cooperating with the state, and refused to sign a form requesting representation. Defendant was also sent numerous letters by CDCR regarding the case and would not pick up the phone. Defendant's failure to cooperate with the state goes to the issue presented in plaintiff's Opposition to Defendant's Motion to set Aside Clerk's Entry of Default.

Defendant opposes the request, arguing that plaintiff misconstrues the content of the declaration.

## II. DISCUSSION

Under Rule 55(c), the court may set aside entry of default by the Clerk of the Court for good cause shown. Three factors are relevant to this determination: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. See TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). As to the first factor, a defendant is culpable if she willfully failed to file a response to the action in an effort to hinder the proceedings. See id. at 697. As to the second factor, the Ninth Circuit has stated that default judgments are disfavored. See id. at 693. As to the third factor, prejudice to the plaintiff means more than delay in resolution of the case. See id. at 701. Generalized assertions that delay will result in loss of evidence are also insufficient to establish the requisite prejudice. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000).

### A. Defendant's Culpability

In the Magnan case, which arises from the same incident, the court concluded that entry of default should be set aside. Upon considering the same factual declaration by defendant, the court stated:

> Defendant Knight contends she did not submit a timely response to plaintiff's third amended complaint because she believed her response to an investigation by a nursing board "regarding the incident at issue here was also a response to the Third Amended Complaint." Voros Decl. ¶ 5. Six months after sending her response to the nursing board, defendant Knight received a notification that the board had cleared her of any wrongdoing. Id. Defendant Knight took this notice to mean that this matter had also been closed. Id. Defendant Knight also points out that she was not represented by counsel when she received plaintiff's third amended complaint implying that, because of this, she was not clear as to the course of action required, if any. Id. ¶¶ 8, 10.
>     The combination of these facts, especially when taking into consideration the long-standing principle that default judgments are disfavored, Knoebber, 244 F.3d at 693, supports an inference that defendant Knight's failure to respond was not in bad faith or "intentional" as that word is defined in this context.

The undersigned reaches the same conclusion based on defendant's declaration in this case.

### B. Defendant's Defense

Defendant argues that she has a meritorious defense to plaintiff's claim of deliberate indifference. Specifically, defendant argues that: (1) plaintiff did not have any serious medical need; and (2) even if plaintiff's medical condition was serious, defendant was never aware of such condition. In opposition, plaintiff argues that defendant has not presented any evidence in support of these defenses. The court does not agree and finds that defendant's declaration itself constitutes sufficient evidence to demonstrate that her defenses have merit and should be considered.

The court also does not agree that the stipulation in the state personnel action necessarily undermines defendant's defense. Plaintiff appears to argue that, because defendant admitted that she did not follow department policy, she is necessarily liable under § 1983. This is not so because failure to follow some specified policy does not equate to deliberate indifference in the context of the Eighth Amendment.

The court agrees with the conclusion reached in the Magnan case:

> Defendant has raised sufficient facts in her declaration in support of her motion to set aside default to support a defense to the claims asserted in plaintiff's third amended complaint. In particular, she presents facts suggesting she was not deliberately indifferent to plaintiff's alleged need for medical treatment as plaintiff alleges in his third amended complaint. Voros Decl. ¶¶ 2, 9.

### C. Prejudice to Plaintiff

As to prejudice, plaintiff argues:

> At the present time, the Court has appointed counsel to represent Plaintiff in connection with the default judgment. Presumably, the scope of counsel's representation could be expanded in the event that the default is set aside. If not, Plaintiff would suffer prejudice as he would once again be without counsel in this matter.

The court finds that this does not constitute prejudice sufficient to defeat a motion to set aside entry of default. In particular, whether plaintiff will be left without counsel depends more on the outcome of a request to expand the scope of counsel's appointment than it does on the outcome

of the instant motion. Moreover, accepting plaintiff's argument would mean that every pro se litigant is "prejudiced" and that entry of default could never be set aside in a pro se case. The court is not willing to take such an expansive view. Finally, the court agrees with the findings and recommendations issued in <u>Magnan</u> that the mere possibility of delay and loss of evidence are insufficient to establish prejudice to plaintiff.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's request for judicial notice (Doc. 236) be granted;
2. Defendant's motion to set aside entry of default (Docs. 223 and 224) be granted;
3. The default entered on March 20, 2007, be set aside; and
4. The case be referred back to the magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE