IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,                    No. CIV S-03-0732-MCE-CMK-P

    Plaintiff,

  vs.                                                      ORDER

J.M. BRIDDLE, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On April 4, 2007, the court determined that due to the potential complexity of an evidentiary hearing regarding damages in relation to a default judgment against defendant T. Knight, now know as Tonya Voros, the appointment of counsel was appropriate.[1]  The court therefore referred this case to the King Hall Civil Rights Clinic at the University of California, Davis.  The Civil Rights Clinic accepted appointment in this matter in regards to the damages hearing.  Accordingly, on April 25, 2008, the court issued an order appointing the Civil Rights Clinic as attorney for plaintiff.  On May 8, 2007, the court issued an order clarifying that the Civil Rights Clinic was appointed to represent plaintiff for the limited purpose of assisting plaintiff at the evidentiary hearing regarding default judgment damages

---

[1] The Clerk of the Court will be directed to update the docket to reflect defendant Voros as the correct name.  The court will hereafter refer to defendant Knight/Voros as Voros.

1

against defendant Voros, and that plaintiff was to proceed without counsel in all other aspects of this case.

On January 22, 2008, defendant Voros filed a motion to set aside the clerk's entry of default. On June 27, 2008, the undersigned issued findings and recommendations recommending the motion be granted and defendant Voros' default be set aside. On August 5, 2008, the District Judge issued an order adopting the findings and recommendations and setting aside defendant Voros' default. Defendant Voros has now filed an answer to the complaint.

As defendant Voros' default has been set aside, the question of a default judgment, and the necessity of an evidentiary hearing regarding damages, is now moot. It appears to the court that further representation of plaintiff by the Civil Rights Clinic would be beyond the scope of representation the court authorized and the Civil Rights Clinic accepted. Therefore, plaintiff's counsel will be requested to notify this court if it is willing to continue its representation of plaintiff in this matter for all further proceedings. If counsel does not respond to this request within the time given, the court will assume counsel agrees that the appointment was limited and plaintiff will proceed in this matter in pro per.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to indicate defendant Knight is now known as Voros; and

2. Plaintiff's counsel is requested to notify the court within 20 days if it is willing to continue its representation of plaintiff in this matter for all further proceedings.

DATED: September 3, 2008

　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2