IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,                              No. CIV S-03-0732-MCE-CMK-P

        Plaintiff,

  vs.                                                                        ORDER

TANYA VOROS[1],

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding with appointed counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions to compel and ex parte applications for orders shortening time. The current scheduling order in this case has set a discovery cut-off date of June 15, 2009, a dispositive motion deadline of July 15, 2009, and a trial date of November 9, 2009. The parties have several outstanding discovery issues they are attempting to resolve prior to the discovery cut-off date.

        Plaintiff filed a motion to compel Defendant's production of documents (Doc. 258), which is currently set for hearing on June 11, 2009. Subsequently, Defendant filed an ex

---

[1] The court notes that the only remaining defendant in this action is Voros, and has updated its caption accordingly.

1

parte application for order shortening time in regards to a motion to compel Plaintiff's expert witness disclosure (Doc. 262) and Plaintiff filed an ex parte application for order shortening time in regards to a motion to compel Defendant's attendance at a deposition (Doc. 267). Both parties are requesting their motion to compel be heard on June 11, 2009, in conjunction to the timely noticed motion to compel currently calendared. However, there is no stipulation as to having all matters heard on that date. It appears that cooperation between counsel has broken down in this case.[2]

In addition to the above, there appear to be several depositions set prior to the hearing on June 11, 2009. The video-conference deposition of Plaintiff is set for June 9, 2009, the deposition of the custodian of records for the California Department of Corrections (CDCR) is set for June 10, 2009, and Defendant's deposition[3] was noticed for June 5, 2009.

The undersigned finds it appropriate to hear all of the outstanding discovery issues at the same time. As each side is requesting an order shortening time for their respective motion to be heard on June 11, 2009, and there does not appear to be any significant objection to having the other motions heard at the same time, each of those requests will be granted. Therefore, the court will hear the dispute regarding Plaintiff's motion to compel responses to his request for production of documents, Defendant's motion to compel Plaintiff's expert witness disclosure, and Plaintiff's motion to compel Defendant's attendance at a deposition on June 11, 2009, at 10:00 a.m. In addition, the court will hear arguments and will address the issue of Plaintiff's deposition via videoconference and the deposition of the CDCR custodian of records at the same time.

///

---

[2] It also appears that Defendant may have stopped cooperating with her attorney. The court hopes counsel is able to persuade her client to cooperate in concluding this case without the necessity of issuing sanctions for her lack of cooperation.

[3] However, it appears this deposition will not occur due to the unavailability of Defendant. This deposition is the subject of one of the pending motions to compel.

However, as it appears some of these depositions are currently set prior to the hearing, the court will order that none of these depositions are to occur until after the hearing, absent a stipulation by the parties as to the resolution of the issues surrounding any particular deposition. If the parties are able to stipulate to a deposition going forward without the need for judicial intervention, the parties shall submit such a notice of stipulation to the court prior to the deposition being conducted. This is specifically in reference to Plaintiff's deposition, Defendant's deposition and the deposition of the CDCR custodian of records.

Therefore, on June 11, 2009, at 10:00 a.m., the court will hear the following discovery disputes:

1. Plaintiff's motion to compel Defendant's production of documents (Doc. 258);

2. Defendant's motion to compel Plaintiff's expert witness disclosure (Doc. 262);

3. Plaintiff's motion to compel Defendant's attendance at her deposition (Doc. 267);

4. Defendant's deposition of Plaintiff, and the status of the parties' stipulation (Docs. 259, 266); and

5. Plaintiff's notice of deposition to the CDCR custodian of records, and objections thereto (Doc. 261).

Further, it appears to the undersigned that the parties should be able to resolve several of these issues with a good faith effort to meet and confer. The Eastern District Local Rules requires the parties to engage in a good faith effort to resolve their differences. See Local Rule 37-251(b). The court expects the parties here to engage in an good faith effort meet and confer session prior to completing their joint statement regarding the discovery disagreement for the hearing. Such a meet and confer session shall be conducted either personally or telephonically. An e-mail meet and confer will not be considered by the court to be a good faith effort.

/ / /

Finally, it appears that the discovery cutoff date may need to be extended in regards to the outstanding discovery issues outlined above. The parties are expected to address this issue, as well as any other scheduling issue that may arise due to the current discovery disputes, in their joint statement. The court, however, is reluctant to modify the currently scheduled trial date and expects the parties to be able to resolve their discovery issues with the November 9, 2009, trial date in mind.

Accordingly, IT IS HEREBY ORDERED that:

1. The ex parte applications for orders shortening time (Docs. 262, 267) are granted;

2. All discovery disputes outlined above will be heard on June 11, 2009, at 10:00 a.m. before the undersigned in Redding, California;

3. Telephonic appearances initiated from land line phones are allowed, but no cellular telephonic appearances will be permitted;

4. The parties shall engage in a good faith meet and confer conference, either personally or telephonically, prior to completing their joint statement;

5. The parties' joint statement regarding the discovery disagreement shall be filed on or before June 8, 2009; and

6. Absent a notice of stipulation on file with the court, none of the disputed depositions shall occur prior to the hearing on this matter, as outlined above.


DATED: June 3, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE