1  BRUCE A. KILDAY, ESQ., S.B. 066415          (SPACE BELOW FOR FILING STAMP ONLY)
   CARRIE A. FREDERICKSON, SB No. 245199
2  **ANGELO, KILDAY & KILDUFF**
3  Attorneys at Law
   601 University Avenue, Suite 150
4  Sacramento, CA  95825
   Telephone:  (916) 564-6100
5  Telecopier:  (916) 564-6263

6
   Attorneys for Defendant T. KNIGHT
7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10
   MICHAEL HOLTSINGER            )  Case No.: CIV S-03-0732-MCE-CMK-P
11                               )
                    Plaintiff,   )  **STIPULATION RE: PROTECTION OF**
12                               )  **DISCOVERY DOCUMENTS AND**
        vs.                      )  ~~PROPOSED~~ **ORDER**
13                               )
   J.M. BRIDDLE, et al.,         )
14                               )
                    Defendants.  )
15                               )
16                               )
   _____ )
17                    STIPULATION

18      WHEREAS, the Plaintiff has requested documents pertaining to the California

19  Department of Corrections and Rehabilitation's (CDCR) investigation (Case Number I-HDSP-

20  048-2002) into the Plaintiff's complaint against Defendant Tonya Voros' conduct on or about

21  June 22, 2002;

22      WHEREAS, the Plaintiff is currently incarcerated in Lancaster State Prison and is

23  serving a life sentence;

24      WHEREAS, the Defendant is concerned about producing said documents due to her right

25  of privacy protected by the California and United States Constitutions, and protected by

26  California Penal Code Section 832.7 *et seq.*, and that the safety of inmates and staff at the CDCR

27  may be implicated should the documents be disclosed per California Code of Regulations, Title

28  15, Section 3321;

-1-
STIPULATION RE: PROTECTION OF DISCOVERY DOCUMENTS

1       WHEREAS, the parties wish to resolve their concerns regarding production of the

2  documents informally and without the necessity and cost of judicial intervention;

3       NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties

4  and by and between their undersigned counsel, that:

5       1.     Plaintiff has made discovery requests for documents pertaining to the CDCR's

6  investigation into the Plaintiff's complaint against Defendant Tonya Voros' conduct on or about

7  June 22, 2002;

8       2.     Subject to, and without waiving any objections any party may have as to the

9  admissibility of any of these documents, Defendant will produce the CDCR's internal affairs

10  investigation report concerning Defendant Voros' conduct on June 22, 2002, subject to the

11  remainder of this stipulation;

12       3.     The documents and contents of the documents described above shall be used only

13  in connection with this action, shall not be disclosed to any person other than the individuals set

14  forth below and may be disclosed only as necessary in connection with this action:

15           a.  Plaintiff's counsel and employees, and anyone retained to assist the Plaintiff

16              in the preparation for trial in this action.

17           b.  The Defendant, defendant's counsel and employees, and anyone retained to

18              assist Defendant in the preparation for trial of this action.

19           c.  Experts or consultants retained by a party solely to assist in preparation for

20              trial of this action.

21           d.  The Court.

22       4.     The documents shall not be disclosed or shown to or duplicated for the Plaintiff,

23  or the Plaintiff's former cell mate, Paul Magnan, or Mr. Magnan's counsel in *Magnan v.*

24  *Runnels, et al*, Eastern District Case No. 03-1099-GEB-KJM-P. Upon a showing to the Court of

25  good cause, the contents of the documents may be disclosed to the Plaintiff pursuant to a Court

26  order for purposes of preparing for trial;

27  ///

28  ///

-2-
STIPULATION RE: PROTECTION OF DISCOVERY DOCUMENTS

5.      No copies, extracts, or summaries of any of the above documents shall be made except by or on behalf of counsel of record.  Such copies, extracts, or summaries shall also be maintained as described herein;

6.      None of the documents shall be attached to any publicly available deposition or other transcript.  Any exhibits consisting of the above described documents shall be bound separately under seal separately from any deposition or other transcript.

7.      Any of the documentation referred to above which is contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be filed under seal in accordance with the Court's Civil Local Rule 39-141.

8.      Any pleading, motion papers,  or other papers not filed under seal shall have deleted therefrom any of the above documents as well as all portions of such pleadings or papers that would disclose the substance of any of the above documents.  However, said material need not be deleted from any pleadings or other papers served upon counsel of record or upon a party representing him/herself.

9.      This protective order is not intended to govern at trial.  The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of the above documents at any trial and upon any appeal of this case.

10.      Within ninety (90) days after receiving notice of the entry of an order, judgment or decree terminating this action, and after the conclusion of any appeals, all persons having received the documentation described above shall return such material and all copies of it to counsel for the party who produced it.  Counsel for Plaintiff shall destroy all extracts or summaries of the above documents or destroy the documents containing the extracts or summaries.

11.      The Clerk of the Court shall, upon request of a party that produced the above documents, return to such party all documents and things containing or referring to the above documents that were filed under seal pursuant to this protective order.  As to those documents or things containing such information which cannot be returned, they shall continue to be kept under seal and shall not be examined by any person without prior Court order issued after notice

-3-
STIPULATION RE: PROTECTION OF DISCOVERY DOCUMENTS

1   to all parties, or a written stipulation of counsel for all parties.

2        12.    Nothing contained in the protective order shall preclude any party from seeking or

3   obtaining, upon an appropriate showing, additional protection with respect to any document,

4   information or other discovery material.

5        13.    This protective order shall remain in effect for the duration of this action unless

6   terminated by stipulation or by Court order.  Insofar as they restrict the disclosure, treatment, or

7   use of information subject to a protective order, the provisions of this protective order shall

8   continue to be binding after the termination of this action, unless the Court orders otherwise.

9        14.    This stipulation may be filed with the Court and an order obtained based thereon

10   but need not be so filed in order to be effective.

11

12   Dated:  June 25, 2009

13

14                                      By:_____

15                                         CARTER C. WHITE
                                       Attorneys for Plaintiff, Michael

16                                         Holtsinger

17   Dated:  June 25, 2009                 ANGELO, KILDAY & KILDUFF

18

19                                      By:_____

20                                         CARRIE A. FREDERICKSON
                                       Attorneys for Defendant T. KNIGHT

21   O:\wdocs\maindocs\100\024\PLEAD\00023642.DOC

22

23

24

25

26

27

28

1

<u>ORDER</u>

2

Pursuant to stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED.

3

4

Dated:  June 24, 2009

5

6

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE: PROTECTION OF DISCOVERY DOCUMENTS