IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLTSINGER, | No. CIV S-03-0732-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER AFTER *IN CAMERA* REVIEWS |
| TONYA VOROS, | |
| Defendant. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding with counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On June 23, 2009, the court issued an order granting the requests to conduct *in camera* reviews of Defendant's personnel file and the California Office of the Inspector General's (OIG) investigation file.  The *in camera* reviews were held on June 29, 2009.

    The *in camera* review of the OIG investigation file was held at the Office of the Inspector General, located at 3927 Lennane Avenue, Sacramento, California, at 10:00 a.m. Appearing for the OIG was attorney Bruce Monfross.  The court reviewed all the documents relating to the investigation of the incident occurring on June 22, 2002, at High Desert State Prison (HDSP).  All documents pertaining to Defendant Voros (formerly known as Knight), including those relating to Defendant Voros's duties on June 22, 2002, the investigation relating

thereto, and to some extent, her involvement with Plaintiff subsequent to the incident were tagged. The court directed attorney Monfross to duplicate the tagged documents and send copies of all tagged documents to the parties. The court also reviewed a video tape of the altercation pertaining to Plaintiff's allegations. The court ordered a copy of said tape, unedited, be made and provided to the parties.

The *in camera* review of Defendant Voros's personnel file occurred at the Office of the Attorney General located at 1300 I Street, Sacramento, California, at 2:00 p.m. Attending said hearing were representatives of HDSP, Kevin Hosn of the Attorney General's Office, and Carrie Frederickson, attorney for the Defendant. The court tagged and separated from the file all documents pertaining to the facts involved in the present case, adverse actions taken against the Defendant relating thereto, and documentation relating to her leaving the employ of HDSP. The court also reviewed and tagged all employee evaluations of the Defendant during her employment at HDSP. The court ordered that all tagged documents be redacted to delete social security numbers and addresses. Attorney Hosn was ordered to make copies available to the parties, and the original personnel file was returned to the representatives of HDSP.

Pursuant to the above, IT IS HEREBY ORDERED that all documents and videos tagged for production during the *in camera* reviews shall be copied, redacted as directed, and provided to the parties within 30 days of the date of this order.

DATED: July 8, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE