1  BRUCE A. KILDAY, ESQ., S.B. 066415                         (SPACE BELOW FOR FILING STAMP ONLY)
   CARRIE A. FREDERICKSON, SB No. 245199
2  **ANGELO, KILDAY & KILDUFF**
3  Attorneys at Law
   601 University Avenue, Suite 150
4  Sacramento, CA  95825
   Telephone:  (916) 564-6100
5  Telecopier:  (916) 564-6263

6  Attorneys for Defendant T. VOROS

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL HOLTSINGER            )   Case No.: CIV S-03-0732-MCE-CMK-P
                                  )
12                  Plaintiff,    )   **THIRD STIPULATION RE:**
                                  )   **PROTECTION OF DISCOVERY**
13        vs.                     )   **DOCUMENTS AND** ~~**PROPOSED**~~ **ORDER**
                                  )
14  J.M. BRIDDLE, et al.,         )
                                  )
15                  Defendants.   )
                                  )
16                                )
17  _____)
                             STIPULATION

18       WHEREAS, the Plaintiff has requested documents pertaining to a physical assault
19  involving the Plaintiff while he was incarcerated by the California Department of Corrections
20  and Rehabilitation (CDCR) on June 22, 2002;
21       WHEREAS, the Plaintiff is currently incarcerated in Lancaster State Prison and is
22  serving a life sentence;
23       WHEREAS, the Defendant is concerned about production of said documents due to her
24  right of privacy and the privacy rights of third parties protected by the California and United
25  States Constitutions, and protected by California Penal Code Section 832.7 *et seq.*, and that the
26  safety of inmates and staff at the CDCR may be implicated should the documents be disclosed
27  per California Code of Regulations, Title 15, Section 3321;
28  ///

---
-1-
THIRD STIPULATION RE: PROTECTION OF DISCOVERY DOCUMENTS AND PROPOSED ORDER

1      NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties and by and between their undersigned counsel, that:

     1.      Plaintiff has made discovery requests for documents pertaining to the Office of the Inspector General (OIG) concerning the physical assault involving the Plaintiff by other inmates on June 22, 2002 at High Desert State Prison (HDSP);

     2.      Subject to, and without waiving any objections any party may have as to the admissibility of any of these documents, the OIG will produce the records ordered to be disclosed by the Court pursuant to an *in camera* review concerning the physical assault involving the Plaintiff by other inmates on June 22, 2002 at HDSP subject to the remainder of this stipulation;

     3.      The documents and contents of the documents described above shall be used only in connection with this action, shall not be disclosed to any person other than the individuals set forth below and may be disclosed only as necessary in connection with this action:

          a.    Plaintiff's counsel and employees, and anyone retained to assist the Plaintiff in the preparation for trial in this action.

          b.    The Defendant, defendant's counsel and employees, and anyone retained to assist Defendant in the preparation for trial of this action.

          c.    Experts or consultants retained by a party solely to assist in preparation for trial of this action.

          d.    The Court.

     4.      The documents shall not be disclosed or shown to or duplicated for the Plaintiff, or the Plaintiff's former cell mate, Paul Magnan, or Mr. Magnan's counsel in *Magnan v. Runnels, et al*, Eastern District Case No. 03-1099-GEB-KJM-P. Upon a showing to the Court of good cause, the contents of the documents may be disclosed to the Plaintiff pursuant to a Court order for purposes of preparing for trial;

     5.      No copies, extracts, or summaries of any of the above documents shall be made except by or on behalf of counsel of record. Such copies, extracts, or summaries shall also be maintained as described herein;

6. None of the documents shall be attached to any publicly available deposition or other transcript. Any exhibits consisting of the above described documents shall be bound separately under seal separately from any deposition or other transcript.

7. Any of the documentation referred to above which is contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be filed under seal in accordance with the Court's Civil Local Rule 39-141.

8. Any pleading, motion papers, or other papers not filed under seal shall have deleted therefrom any of the above documents as well as all portions of such pleadings or papers that would disclose the substance of any of the above documents. However, said material need not be deleted from any pleadings or other papers served upon counsel of record or upon a party representing him/herself.

9. This protective order is not intended to govern at trial. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of the above documents at any trial and upon any appeal of this case.

10. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree terminating this action, and after the conclusion of any appeals, all persons having received the documentation described above shall return such material and all copies of it to counsel for the party who produced it. Counsel for Plaintiff shall destroy all extracts or summaries of the above documents or destroy the documents containing the extracts or summaries.

11. The Clerk of the Court shall, upon request of a party or the OIG, return to that party or the OIG all documents and things containing or referring to the above documents that were filed under seal pursuant to this protective order. As to those documents or things containing such information which cannot be returned, they shall continue to be kept under seal and shall not be examined by any person without prior Court order issued after notice to all parties, or a written stipulation of counsel for all parties.

///

///

12. Nothing contained in the protective order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any document, information or other discovery material.

13. This protective order shall remain in effect for the duration of this action unless terminated by stipulation or by Court order. Insofar as they restrict the disclosure, treatment, or use of information subject to a protective order, the provisions of this protective order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

14. This stipulation may be filed with the Court and an order obtained based thereon but need not be so filed in order to be effective.

Dated:  July 23, 2009

*/s/ Carter C. White*
By:_____
CARTER C. WHITE
Attorneys for Plaintiff, Michael Holtsinger

Dated: July 23, 2009                ANGELO, KILDAY & KILDUFF

*/s/ Carrie A. Frederickson*
By:_____
CARRIE A. FREDERICKSON
Attorneys for Defendant T. KNIGHT

O:\wdocs\maindocs\100\024\PLEAD\00026018.DOC

1 ORDER

2 Pursuant to stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED.

4 DATED: July 27, 2009

7 _____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE