IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,                             No. CIV S-03-0732-MCE-CMK-P

        Plaintiff,

  vs.                                                            FINDINGS AND RECOMMENDATIONS

J.M. BRIDDLE, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for sanctions (Doc. 293). This matter was addressed at the July 23, 2009, status conference, and order thereafter (Doc. 302).

        The undersigned, after considering the motion for sanctions and the discussion at the status conference, ordered Defendant to appear and make herself available for a deposition, in Davis, California, on or before August 28, 2009, in order to avoid the imposition of fact establishing sanctions. The undersigned set forth specific dates the deposition could be held, and cautioned that Defendant's failure to appear and cooperate at a deposition as ordered would result in the imposition of sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), resulting in the facts alleged in the second amended complaint as to Defendant's liability being

taken as established.

As ordered, on September 4, 2009, Plaintiff notified the court that Defendant had not appeared at her deposition. Plaintiff also provided the court with his proposed facts as alleged in the complaint establishing Defendant's liability.

Imposition of fact establishing sanctions under Rule 37(b)(2)(A)(i), are dispositive of her defense to liability. Such dispositive matters require a magistrate judge to enter a finding of fact and recommended disposition. See Fed. R. Civ. P. 72; Maisonville v. F2 America, Inc., 902 F.2d 746, 747-78 (9th Cir. 1990) (discussing magistrate jurisdiction over dispositive and non-dispositive matters).

The undersigned finds issuance of fact establishing sanctions pursuant to Rule 37(b)(2)(A(i) are appropriate for Defendant's failure to appear at her deposition as ordered. Defendant was cautioned that such sanctions would be imposed if she failed to appear as ordered. See Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). This was Defendant's second failure to follow a court order directing her to appear at a deposition. Such actions on the behalf of the Defendant demonstrates that less drastic sanctions will not be availing. In March 2007, the Clerk of the Court entered Defendant's default pursuant to her failure to appear in this matter. For good cause shown, Defendant's default was set aside in August 2008, allowing her an opportunity to defend against this action. Her continued failure to act, and follow court orders, violates the public's interest in the expeditious resolution of this litigation, the court's need to manage its own docket efficiently, and the risk of prejudice to Plaintiff. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone, 833 F.2d at 130 (setting forth the five factors the court should weigh before imposing the harsh sanction of dismissal). Accordingly, the undersigned will recommend Plaintiff's motion for sanctions be granted, and the facts alleged in Plaintiff's complaint regarding Defendant's liability be taken as established. While these facts will establish liability, they do not establish the extent of Plaintiff's injuries or any resulting damages.

Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), 37(d), the following facts should be deemed established:

1. On June 22, 2002, Defendant was on duty as a Medical Technical Assistant at High Desert State Prison, Susanville, California.

2. In Defendant's working capacity, she was responsible for the health care needs of inmates who received injuries in Administrative Segregation, referral of inmates to the emergency room, sick call rounds in the housing unit, dispensing of medication, collection of medical care request forms, and decontamination of inmates exposed to blood and basic inmate care needs.

3. At all times relevant to the events described herein, Defendant acted under color of state law.

4. At all times relevant, Plaintiff was incarcerated at High Desert State Prison, Susanville, California.

5. At all times relevant, Plaintiff's cellmate, Paul Magnan, was incarcerated at High Desert State Prison, Susanville, California.

6. On June 22, 2002, at approximately 1300 hours, after entering the exercise yard, Plaintiff and Magnan were assaulted. Magnan was assaulted by two inmates resulting in his loss of consciousness and bleeding from the head. Plaintiff was simultaneously assaulted by four inmates resulting in serious injuries to his body.

7. Immediately after the assault, Yard Gunner J. Delgado ordered Plaintiff to drag Magnan off the yard. Plaintiff had serious injuries and, thus, had difficulty dragging Magnan. However, Plaintiff complied with Yard Gunner Delgado's orders and managed to cross the threshold of the doorway. As Plaintiff dragged Magnan, Plaintiff was bleeding from his legs and knees and was exposed to Magnan's blood.

8. Plaintiff was placed in a D7-B Section holding cage after being assaulted.

9. Defendant approached Plaintiff while he was in the holding cage at which time he was bleeding from two large abrasions to both of his knees, had Magnan's blood smeared across his left calf and knee, injured knee joints to both legs, injury to right rib cage, injury to sternum, injury to lower back muscles, sore kidneys, sore middle back area, injured right shoulder, injured right elbow, injured right wrist, loss of hearing to Plaintiff's right ear, four inch laceration between his shoulders at the base of his neck, contusions to his right eye, split upper lip, large contusion to his forehead from right hairline to left hairline, large contusion from eyebrow to scalp, three knots/lumps to forehead approximately three quarters of an inch to

       an inch in height and approximately one and a half inch at the base in width, four knots/lumps to scalp approximately the same size as the knots to the forehead, contusions to back and chest, tender scalp, dizziness, headache, nausea, pain all over his back, chest, head and knees.

10. Defendant came into contact with Plaintiff and became aware of his severe injuries in the holding cage. Defendant was a responding staff member who saw that Plaintiff urgently needed emergency medical treatment. He was suffering from open wounds, had received a beating to his head, and had been exposed to Magnan's blood.

11. Defendant, producing only a 3" x 3" yellow "Post-It" pad, asked Plaintiff for his name and CDC number. Defendant stared at Plaintiff's injured face and asked who hit him.

12. Defendant instructed Plaintiff to turn around and lift up his shirt. After Plaintiff struggled to lift up his shirt, he turned around and found that Defendant had left the vicinity and took no steps to provide Plaintiff medical care nor made contact with him thereafter regarding his injuries.

13. On June 23, 2002, approximately 27 hours after Plaintiff was assaulted, Defendant failed to transfer Plaintiff to High Desert State Prison's Central Treatment Center.

14. Plaintiff continued to be in pain in his entire upper body, head, knee, neck, back, shoulder, wrist, and elbow. In addition, swelling to all injuries increased, his contusions darkened and spread, and he could not directly sit up.

15. On June 29, 2002, Defendant came into contact with Plaintiff. While Defendant was at Plaintiff's cell door, he attempted to reiterate his medical needs to Defendant. Defendant responded, "The Doctor is aware of you two" and walked away.

16. On June 22, 23, 25, 2002, Plaintiff continued to contact medical technical assistants regarding his injuries and urgent need for medical treatment.

17. Defendant's actions and inactions caused Plaintiff to be deprived of any medical examination for 59 days after the June 22, 2002 incident. Defendant's deliberate indifference to Plaintiff's serious medical needs caused this delay.

In addition, pursuant to Federal Rule of Civil Procedure 37(d)(3), "the court must require the party failing to act . . . pay the reasonable expenses, including attorney's fees, caused

by the failure . . . ." Plaintiff has requested monetary sanctions to cover the costs involved in attending the deposition that Defendant failed to appear for. Plaintiff's counsel has set forth the expenses which were incurred: $106.60 in court reporter fees, $26.30 vehicle costs, $3.00 parking fee, $169.50 in attorney fees, and $100.00 in certified law student fees. Defendant objects to the vehicle costs, noting that Plaintiff could have noticed the deposition for Davis and thus not incurred that cost, and the certified law student fees, arguing that charging for both a law clerk and an attorney to make a statement of non-appearance was as an unreasonable expense, as both persons were not necessary.

The undersigned finds the expenses as Plaintiff has set forth are reasonable. Setting the deposition in Sacramento instead of Davis was not unreasonable given that Defendant would be coming from Susanville. In addition, having two representatives appear at the deposition was also not unreasonable. This was not a situation, as was the case in the cases cited by Defendant, where three or four attorneys appeared. Here, Plaintiff's representatives included one certified law student and the supervising attorney. The court notes that in other appearances before the court, there have often been two certified law students representing Plaintiff. Here, only one law student was present. However, a certified law student cannot act on her own, and having her supervising attorney present was necessary. The undersigned finds no unreasonable expense is claimed. Therefore, the $405.40 requested as monetary sanctions is reasonable and should be awarded. In addition, it is clear from the circumstances of this case that defense counsel is not at fault in Defendant's failure to appear at her deposition. Therefore, the undersigned finds the monetary sanctions should be issued against Defendant, not counsel.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for sanctions (Doc. 293) be granted;

2. Defendant be ordered to pay Plaintiff's reasonable expenses for her failure to appear at her deposition, as required by Federal Rule of Civil Procedure 37(d)(3), payable to the King Hall Civil Rights Clinic in the amount of $405.40; and

3. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), 37(d), as additional sanctions for Defendant's failure to appear at her deposition as ordered, the facts establishing liability, as set forth above, be deemed established.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 25, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE