IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLTSINGER, | No. CIV S-03-0732-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TANYA VOROS, | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On September 25, 2009, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by

proper analysis.

In her objections to the magistrate judge's findings and recommendations, Defendant argues that it is inappropriate to grant facts establishing sanctions while she has a motion for summary judgment pending, and that such severe sanctions are inappropriate. She also argues that the facts being established will mislead the jury, are contrary to law, and/or are irrelevant.

As to her argument that establishing the facts is inappropriate while she has a motion for summary judgment pending and that such severe sanctions are inappropriate, the court finds Plaintiff's arguments unavailing. The magistrate judge has recommended these sanctions due to Defendant's behavior in failing to follow court orders and to cooperate with Plaintiff taking her deposition. Therefore, issuing sanctions while her motion is pending is not inappropriate. Similarly, the magistrate judge discussed the availability of lesser sanctions, and found Plaintiff's behavior and the court's prior warnings demonstrates that less drastic sanctions would not be availing. Nothing in Defendant's argument persuades the court otherwise.

Similarly, Defendant's argument that the facts Plaintiff sets forth for establishment are contrary to law, misleading to the jury, and/or irrelevant, are also unavailing. The law Defendant cites as being contrary to her alleged duties, specifically that she was responsible for decontaminating inmates, does not support her contention that decontamination was outside her abilities as a Licensed Vocation Nurse, or Medical Technical Assistant. While the law she cites does not specifically list decontamination as a duty, it also does not specifically limit her ability to do so. In addition, as Plaintiff points out, she admitted this was one of her duties in her answer by admitting the first and second sentences of the fourth paragraph in the Second Amended Complaint.[1] Therefore, the facts she now objects to she has already admitted,

---

[1] The fourth paragraph of the Second Amended Complaint states: "Defendant T. Knight [a.k.a. Voros] was a Medical Technical Assistant at High Desert State Prison, Susanville, California. Knight [Voros] was responsible for the health care needs of inmates who have

and are not contrary to law. To the extent she claims the facts established will mislead the jury, particularly the establishment of Plaintiff's injuries as "serious" or "severe," any confusion can be addressed by jury instruction. Establishing Plaintiff's injuries as "serious" is required to establish liability. As the magistrate judge indicated, however, this is not intended to establish the seriousness of Plaintiff's injury for damages. The severity of Plaintiff's injuries as a means to calculate damages will be established by the trier of fact. Finally, Defendant's objection to alleged irrelevant facts are unpersuasive. If the facts are irrelevant, they will have no bearing on Plaintiff's damages.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 25, 2009, are adopted in full;

2. Plaintiff's motion for sanctions (Doc. 293) is granted;

3. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), 37(d), the following facts are deemed established:

    a. On June 22, 2002, Defendant was on duty as a Medical Technical Assistant at High Desert State Prison, Susanville, California.

    b. In Defendant's working capacity, she was responsible for the health care needs of inmates who received injuries in Administrative Segregation, referral of inmates to the emergency room, sick call rounds in the housing unit, dispensing of medication, collection of medical care request forms, and decontamination of inmates exposed to blood and basic inmate care needs.

    c. At all times relevant to the events described herein, Defendant acted under color of state law.

    d. At all times relevant, Plaintiff was incarcerated at High Desert State Prison, Susanville, California.

---

received injuries in Administrative Segregation, referral of inmates to the emergency room, sick call rounds in the housing unit, dispense medication, collect medical care request forms, decontamination of inmates exposed to blood and basic inmate medical care needs. Upon information and belief Defendant Knight [Voros] is still employed at High Desert State Prison."

  e. At all times relevant, Plaintiff's cellmate, Paul Magnan, was incarcerated at High Desert State Prison, Susanville, California.

  f. On June 22, 2002, at approximately 1300 hours, after entering the exercise yard, Plaintiff and Magnan were assaulted. Magnan was assaulted by two inmates resulting in his loss of consciousness and bleeding from the head. Plaintiff was simultaneously assaulted by four inmates resulting in serious injuries to his body.

  g. Immediately after the assault, Yard Gunner J. Delgado ordered Plaintiff to drag Magnan off the yard. Plaintiff had serious injuries and, thus, had difficulty dragging Magnan. However, Plaintiff complied with Yard Gunner Delgado's orders and managed to cross the threshold of the doorway. As Plaintiff dragged Magnan, Plaintiff was bleeding from his legs and knees and was exposed to Magnan's blood.

  h. Plaintiff was placed in a D7-B Section holding cage after being assaulted.

  i. Defendant approached Plaintiff while he was in the holding cage at which time he was bleeding from two large abrasions to both of his knees, had Magnan's blood smeared across his left calf and knee, injured knee joints to both legs, injury to right rib cage, injury to sternum, injury to lower back muscles, sore kidneys, sore middle back area, injured right shoulder, injured right elbow, injured right wrist, loss of hearing to Plaintiff's right ear, four inch laceration between his shoulders at the base of his neck, contusions to his right eye, split upper lip, large contusion to his forehead from right hairline to left hairline, large contusion from eyebrow to scalp, three knots/lumps to forehead approximately three quarters of an inch to an inch in height and approximately one and a half inch at the base in width, four knots/lumps to scalp approximately the same size as the knots to the forehead, contusions to back and chest, tender scalp, dizziness, headache, nausea, pain all over his back, chest, head and knees.

  j. Defendant came into contact with Plaintiff and became aware of his severe injuries in the holding cage. Defendant was a responding staff member who saw that Plaintiff urgently needed emergency medical treatment. He was suffering from open wounds, had received a beating to his head, and had been exposed to Magnan's blood.

  k. Defendant, producing only a 3" x 3" yellow "Post-It" pad, asked Plaintiff for his name and CDC number. Defendant stared at Plaintiff's injured face and asked who hit him.

4

      l.      Defendant instructed Plaintiff to turn around and lift up his shirt. After Plaintiff struggled to lift up his shirt, he turned around and found that Defendant had left the vicinity and took no steps to provide Plaintiff medical care nor made contact with him thereafter regarding his injuries.

      m.     On June 23, 2002, approximately 27 hours after Plaintiff was assaulted, Defendant failed to transfer Plaintiff to High Desert State Prison's Central Treatment Center.

      n.      Plaintiff continued to be in pain in his entire upper body, head, knee, neck, back, shoulder, wrist, and elbow.  In addition, swelling to all injuries increased, his contusions darkened and spread, and he could not directly sit up.

      o.      On June 29, 2002, Defendant came into contact with Plaintiff. While Defendant was at Plaintiff's cell door, he attempted to reiterate his medical needs to Defendant. Defendant responded, "The Doctor is aware of you two" and walked away.

      p.      On June 22, 23, 25, 2002, Plaintiff continued to contact medical technical assistants regarding his injuries and urgent need for medical treatment.

      q.      Defendant's actions and inactions caused Plaintiff to be deprived of any medical examination for 59 days after the June 22, 2002 incident. Defendant's deliberate indifference to Plaintiff's serious medical needs caused this delay.

4.     Defendant is ordered to pay Plaintiff's reasonable expenses for her failure to appear at her deposition, as required by Federal Rule of Civil Procedure 37(d)(3), payable to the King Hall Civil Rights Clinic in the amount of $405.40; and

5.     This matter is referred back to the magistrate judge for further proceedings.

Dated: November 18, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE