UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL HOLTSINGER,

      Plaintiff,

  v.

TANYA VOROS,

      Defendant.

No. 2:03-cv-00732-MCE-CMK

**MEMORANDUM AND ORDER**

----oo0oo----

In bringing the present Motion to Alter or Amend the Judgment, Plaintiff asks this Court to increase the award in his favor to at least $5,000 in compensatory damages pursuant to Federal Rule of Civil Procedure 59(e).  Additionally, by separate Motion, Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and Local Rule 293.

For the reasons set forth below, Plaintiff's Motion to Alter or Amend the Judgment will be denied.  Plaintiff's Motion for Attorney's Fees will be granted.[1]

---

[1] Because oral argument was not of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

1

## BACKGROUND

Plaintiff, a state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges he was denied medical treatment by Defendant Voros following an assault by at least four other inmates.  As a result of that assault, Plaintiff claims he sustained injuries and was exposed to the blood of another inmate.

Following Defendant Voros' failure to appear for her deposition, fact establishing sanctions were issued finding liability on her part for deliberate indifference towards Plaintiff's serious medical needs.  The only issue remaining for trial were the damages, if any, owed to Plaintiff.  Plaintiff sought both compensatory and punitive damages for Eighth Amendment violations pursuant to 42 U.S.C. § 1983, as well as reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

The matter came on for court trial on March 15, 2010, against Defendant Tanya Voros, only inasmuch as Plaintiff had previously dismissed his claims against all other named Defendants.  No appearance was made on behalf of Defendant Tanya Voros.

Following the trial, this Court entered judgment in favor of Plaintiff and against Defendant Voros.  Compensatory damages were awarded for Plaintiff in the amount of $500.00.  The Court declined to award any punitive damages.

///
///
///

**STANDARD**

**A.    Motion to Alter or Amend Judgment**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816, (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

A timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e). <u>Schroeder v. McDonald</u>, 55 F.3d 454, 459 (9th Cir. 1995).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of the judgment being entered.  Fed. R. Civ. P. 59(e).  Since this motion is seeking reconsideration of a final judgement and was timely filed, the Court will treat it as a Rule 59(e) motion.

Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law. <u>School Dist. No. 1J, Multnomah County v. Acands, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations and quotations omitted).

3

Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 59(e).

**B.     Motion for Attorney's Fees**

42 U.S.C. § 1988(b) authorizes the court, in its discretion to award a "reasonable" attorney fee" to the prevailing party in a case brought under 42 U.S.C. § 1983.  Federal Rule of Civil Procedure 54(d)(2) provides that such claims shall be made by motion.

## ANALYSIS

**A.     Motion to Alter or Amend Judgment**

Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court.  <u>Turner v. Burlington Northern Santa Fe R.R.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003).  Plaintiff requests that this Court alter or amend its judgment because he alleges this Court "committed clear error in completely omitting any findings based on the medical testimony." (Pl.'s Mot. to Am. 2:16-18.)  The evidence the Plaintiff seeks the court to include is not, however, newly discovered evidence.  Nor does the Plaintiff assert any intervening change in controlling law.
///
///
///

4

1  Instead, according to the  Plaintiff, the Court committed clear
2  error by failing to mention, in its Findings of Fact and
3  Conclusions of Law, that the transcript of a doctor's deposition
4  submitted by Plaintiff included a diagnosis of left knee sprain.
5      Contrary to Plaintiff's assertion, the mere fact that
6  Dr. Hendrick's deposition testimony was not cited does not point
7  to clear error.  Moreover, even had Dr. Hendrick's diagnosis and
8  opinions been set forth within the Court's findings, its
9  compensatory award in the amount of $500,00 would not have
10 changed.
11     Plaintiff's Motion to Alter or Amend Judgment will be
12 denied.

**B.    Motion for Attorney's Fees**.

Plaintiff, as the prevailing party in this litigation, has filed a Motion for Attorney's fees seeking $750.00 provided the Court declined to alter or amend its prior judgment in this matter.  Defendant has not opposed either that Motion or the Motion to Alter or Amend Judgment discussed above.

As indicated above, this is a case brought under 42 U.S.C. § 1983 alleging unlawful prison conditions.   Section 1988 authorizes an award of "reasonable" attorney fees to a prevailing plaintiff, and while Plaintiff unquestionably possesses that status given the judgment in his favor, under 42 U.S.C. § 1997e(d)(2), a defendant cannot be required to pay in attorney's fees more than 150 percent of the judgment rendered against it.  Because the $750.00 in attorney's fees sought by

Plaintiff is in accordance with that 150 percent guideline, his request is proper and will be granted.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment (Docket No. 345) is DENIED. Plaintiff's Motion for Attorney's Fees (Docket No. 346) is GRANTED. Plaintiff is awarded the sum of $750.00 in attorney's fees.

IT IS SO ORDERED.

Dated: June 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE